PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
for
District of Guam

**FILED**
DISTRICT COURT OF GUAM
JUN 21 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  **Bing Jin Chen**          Case Number:  **CR05-00034-002**

Name of Sentencing Judicial Officer:  Robert M. Takasugi

Date of Original Sentence:  July 8, 2005

Original Offense:  Use of Altered Passport, 18 U.S.C. §1546.

Original Sentence:  Time served (98 days) to be followed by a three year term of supervised release with conditions to include: that the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and sahll submit to one drug test within 15 days from release of imprisonment and at least two periodic drug tests thereafter; cooperate with thec collection of DNA as directed by the probation officer; comply with the standard conditions of supervised release as set forth by the U.S. Probation Office; pay a $100 special assessment fee; and that he be turned over to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. §1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States and shall not re-enter the United States without the permission of the Attorney General. If deportation fails to occur and the defendant is pending any further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release.

Type of   Supervised Release   Date Supervision Commenced:  July 8, 2005

Assistant U.S. Attorney:  Russell C. Stoddard   Defense Attorney:  Rawlen Mantanona

---

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1.   Failure to appear to begin supervised release term on November 8, 2005.

ORIGINAL

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*Please see attached Declaration in Support of Petition written by*
*U.S. Probation Officer Judy Anne L. Ocampo.*

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 5/31/06

Reviewed by:

RUSSELL C. STODDARD
Assistant U.S. Attorney
Date: 6.12.06

I declare under penalty of perjury that the foregoing is true and correct.

JUDY ANNE L. OCAMPO
U.S. Probation Officer
Executed on: 5/31/06

---

THE COURT ORDERS:

[ ] No action.

[X] The issuance of a warrant.

[ ] The issuance of a summons.

[ ] Other

Signature of Judicial Officer
JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge
6/21/2006
Date

RECEIVED
JUN 16 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# VIOLATION WORKSHEET

1. Defendant **Bing Jin Chen**
2. Docket Number (Year-Sequence-Defendant No.) CR 05-00034-002
3. District/Office Guam
4. Original Sentence Date 07 / 08 / 2005
   month / day / year

(If different than above):

5. Original District/Office N/A
6. Original Docket Number (Year-Sequence-Defendant No.) N/A
7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to appear to begin supervision release term on November 8, 2005. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — C
9. Criminal History Category (see §7B1.4(a)) — I
10. Range of Imprisonment (see §7B1.4(a)) — 3 - 9 months
11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: **Bing Jin Chen**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution ($)  N/A           Community Confinement  N/A

    Fine ($)  N/A                  Home Detention  N/A

    Other                          Intermittent Confinement  N/A

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: **27- 33 months**

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. Official Detention Adjustment (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, One Columbus Circle, N.E. Suite 2-500, Washington, D.C. 20002-8002 Attn: Document Control, Office of Monitoring

Case 1:05-cr-00034   Document 29   Filed 06/21/2006   Page 4 of 6

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 05-00034-002 |
|---|---|---|
| Plaintiff, | ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| vs. | ) ) ) | |
| BING JIN CHEN, | ) ) | |
| Defendant. | ) ) | |

**Re:** **Violation of Supervised Release Conditions; Warrant requested.**

      I, U.S. Probation Officer Judy Anne L. Ocampo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Bing Jin Chen, and in that capacity declare as follows:

      Bing Jin Chen was sentenced on July 8, 2005 for Use of Altered Passport, in violation of 18 U.S.C. §1546. She is alleged to have violated the following conditions of her supervision:

**Mandatory Condition:** *The defendant shall be turned over to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. §1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States and shall not re-enter the United States without the permission of the Attorney General. If deportation fails to occur and the defendant is pending any further immigration proceedings, she shall immediately report to the U.S. Probation Office to begin her term of supervised release.* On July 8, 2005, Bing Jin Chen was sentenced to time served (98 days) followed by a three year term of supervised release, and turned over to the custody of the Immigration and Customs Enforcement (ICE). On November 8, 2005, Ms. Chen was released from the Department of Corrections on Guam pending immigration proceedings and after posting bond. On April 5, 2006, the U.S. Probation Office received notification of the release. Attempts have been made to locate her, however ICE cannot locate her and does not have any contact information.

**Recommendation**: This probation officer respectfully requests that the Court issue a Warrant for Bing Jin Chen in order to appear at a scheduled hearing to answer or show cause why her term of supervised release should not be revoked.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Warrant Requested
Re: CHEN, Bing Jin
USDC Cr. Cs. No. 05-00034-002
May 31, 2006
Page 2

Executed this 31st day of May 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: *Judy Anne L. Ocampo*
JUDY ANNE L. OCAMPO
U.S. Probation Officer

Reviewed by:

*signature*
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Russell C. Stoddard, First U.S. Attorney
Rawlen Mantanona, Defense Counsel
File